**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| NEXUS ALARM & SUPPRESSION, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 20-cv-6043 |
| v. | ) ) | Hon. Steven C. Seeger |
| MG LOGISTICS, INC., | ) ) | |
| Defendant. | ) ) ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Nexus Alarm & Suppression is suing Defendant MG Logistics ("MGL") for the value of specialized fire extinguishers that suffered damage during a cross-country journey. Nexus brings two claims. Count I is a claim under the Carmack Amendment, 49 U.S.C. § 14706, a federal statute that provides an exclusive federal remedy for damage to goods in interstate commerce. Count II is a claim under a regulation promulgated under the Carmack Amendment, 49 C.F.R. § 370.11.

Defendant moved to dismiss Count II (only) for failure to state a claim. MGL argues that there is no private cause of action under 49 C.F.R. § 370.11. For the reasons stated below, the Court grants the motion.

### Background

Defendant MGL is a trucking company. *See* Cplt., at ¶¶ 2, 7 (Dckt. No. 1). On July 26, 2019, one of MGL's trucks picked up a shipment of 28 specialized fire extinguishers from a warehouse in Massachusetts. *Id.* at ¶¶ 6–7. The complaint doesn't provide many details about the fire extinguishers, but the key point is that they were expensive. The extinguishers were

headed to a warehouse in Illinois belonging to Plaintiff Nexus Alarm & Suppression. *Id*. at ¶ 6. The driver issued a bill of lading, certifying that the extinguishers were in good condition, and started trucking to Illinois. *Id*. at ¶ 8.

At 3:30 a.m. the following morning, while passing through a small town in Indiana, the truck got into a serious accident. *Id*. at ¶ 10. It collided with a cement barrier in the middle of the highway. *Id*. The crash overturned the extinguishers in the back of the truck, causing significant damage. *Id*. at ¶ 11.

When the damaged extinguishers arrived at the warehouse, Nexus refused them. *Id*. at ¶ 13. A month after the accident, Nexus submitted a claim to MGL and its insurance company, The Hartford Fire Insurance Company, for the value of the extinguishers. *Id*. at ¶ 15. Hartford investigated the claim and denied it. *Id*. at ¶¶ 16, 26. The complaint does not reveal why.

MGL or Hartford salvaged the extinguishers, selling them for $78,000. *Id*. at ¶ 21. But Nexus did not receive notice before the extinguishers were sold. *Id*. at ¶¶ 22–23. And, according to Nexus, MGL or Hartford sold them for less than fair market value. *Id.* It's not clear from the complaint exactly what happened to the $78,000. Maybe Nexus wound up with it, but the complaint does not say.

Now, Nexus is suing MGL for its loss from the damaged extinguishers. It brings two claims. Count I is a claim under the Carmack Amendment, 49 U.S.C. § 14706, which provides that a carrier of property in interstate commerce is liable for "the actual loss or injury to the property caused by" the carrier. *See* 49 U.S.C. § 14706(a)(1); *see also Nipponkoa Ins. Co. v. Atlas Van Lines, Inc.*, 687 F.3d 780, 781 (7th Cir. 2012). Nexus alleges that MGL is responsible for the loss of the fire extinguishers and seeks $746,491.60 in damages. *See* Cplt., at ¶ 32.

Count II is a claim under a regulation promulgated under the Carmack Amendment, 49 C.F.R. § 370.11, which describes a carrier's responsibility to salvage goods that are rejected after suffering damage in transit.  Nexus alleges that the regulation created a duty to give notice before salvaging the fire extinguishers, and a duty to salvage them for fair market value.  Nexus claims that MGL breached those duties.

MGL moved to dismiss Count II for failure to state a claim.  It argues that there is no private right of action under 49 C.F.R. § 370.11.  MGL doesn't deny that the regulation might come into play on Count I, meaning the claim under the Carmack Amendment.  For example, the regulation might be relevant when calculating damages.  MGL simply argues that the regulation cannot support a freestanding claim in its own right.

## Discussion

## I. Private Rights of Action to Enforce Regulations

Before addressing the regulation in question, the Court begins with a few basic principles about when a regulation is privately enforceable.

First, only Congress – not the judiciary, and not the Executive Branch – has the power to create new federal causes of action.  *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."); *see also Comcast Corp. v. Nat'l Assoc. of African American-Owned Media*, 140 S. Ct. 1009, 1015 (2020) ("[W]e have come to appreciate that, '[l]ike substantive federal law itself, private rights of action to enforce federal law must be created by Congress' and '[r]aising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals.'") (citation omitted) (brackets in original).

That requirement stems from basic constitutional principles. It is the role of Congress, not courts, to write the law. The Constitution vests "legislative Power[]" in Congress (and Congress alone). *See* U.S. Const. art. I, § 1. Not just some of it – "[a]ll" of it. *Id.*; *see also Hernandez v. Mesa*, 140 S. Ct. 735, 741 (2020) ("The Constitution grants legislative power to Congress; this Court and the lower federal courts, by contrast, have only 'judicial Power.'"). And Congress controls the jurisdiction of federal courts, too. *See* U.S. Const. art. III, § 1. So only Congress can create a new cause of action and open the doors of the federal courthouse. *See Stew Farm, Ltd. v. Nat. Res. Conservation Serv.*, 767 F.3d 554, 563–64 (6th Cir. 2014) ("Congress through statutes, not the executive branch through regulations, defines the subject-matter jurisdiction of federal courts.").

Second, Congress can create private rights of action to enforce regulations as well as statutory provisions. *See Sandoval*, 532 U.S. at 286. If Congress wants to create a private right of action to enforce a regulation, it can do so in at least two ways. Congress can pass a statute giving private persons a right to enforce a particular regulation. *Id.* Or Congress can pass a statute giving private persons a right to enforce all regulations promulgated under a particular statutory provision. *Id.* at 291 (explaining that a statute can "provide[] a general authorization for private enforcement of regulations"); *see also id.* ("[W]e have found no evidence anywhere in the text to suggest that Congress intended to create a private right to enforce regulations promulgated under § 602."). But either way, Congress must issue the ticket to sue.

Third, a plaintiff needs a foothold in the text of a statute before bringing a claim based on a regulation. A plaintiff seeking to enforce a particular regulation must point to the statute in which Congress authorized a private cause of action. *See Hernandez*, 140 S. Ct. at 742 ("[A] federal court's authority to recognize a damages remedy must rest at bottom on a statute enacted

by Congress.").  That authorization can be express (*i.e.,* a statute in which Congress explicitly

states that a particular provision is privately enforceable), or implied.  In either case, the issue is

whether Congress intended the statute to create a private cause of action to enforce a regulation.

That intent must come from the "statute itself," not from the judiciary's sense of sound public

policy.  *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856 (2017); *Touche Ross & Co. v. Redington*,

442 U.S. 560, 568 (1979) ("The question of the existence of a statutory cause of action is, of

course, one of statutory construction.").

"The central inquiry remains whether Congress intended to create, either expressly or by

implication, a private cause of action."  *Touche*, 442 U.S. at 575.  If Congress did not intend to

create a private cause of action, "a cause of action does not exist and courts may not create one,

no matter how desirable that might be as a policy matter, or how compatible with the statute."

*Sandoval,* 532 U.S. at 286–87; *see also Touche*, 442 U.S. at 578 ("The ultimate question is one

of congressional intent, not one of whether this Court thinks that it can improve upon the

statutory scheme that Congress enacted into law.").

## II.      Private Cause of Action Under 49 C.F.R. § 370.11

With those principles in mind, the Court turns to whether Congress intended to create a

private right of action to enforce 49 C.F.R. § 370.11.  Unfortunately, neither party addresses that

issue in much detail.

In its motion to dismiss, MGL relies entirely on a case from this district for the

proposition that there is no private cause of action under 49 C.F.R. § 370.11.  *See Traffic Tech,

Inc. v. Arts Transp., Inc.*, 2016 WL 1270496, at *4 (N.D. Ill. 2016).  However, that case doesn't

address whether Congress intended to create a private cause of action.  Instead, the court states,

without elaboration or explanation, that the text of the regulation itself "does not expressly or impliedly provide a private cause of action." *Id.*

But only Congress, not the Executive Branch, has the power to create new federal causes of action. *See Sandoval*, 532 U.S. at 286 ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."). It makes no difference that the *regulation* does not create a private right of action, because the Executive Branch *can't* create a private right of action. The fact that the Executive Branch didn't attempt to usurp Congress and insert a cause of action into the text of 49 C.F.R. § 370.11 sheds no light on what Congress intended.

Nexus, for its part, makes two arguments. First, it argues that the regulation "has an implied private right of action" because it implements the Carmack Amendment. *See* Pl.'s Resp. to Def.'s Mtn. to Dismiss, at 4 (Dckt. No. 17). Nexus points out that Congress expressly included a private cause of action under the Carmack Amendment itself. Therefore, Nexus concludes, Congress must have intended every regulation promulgated under the Carmack Amendment to include a private cause of action as well.

Congress did, in fact, expressly authorize a private right of action under the Carmack Amendment. *See* 49 U.S.C. § 14706(d); *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 285–86 (7th Cir. 1997). And 49 C.F.R. § 370.11 was promulgated under the Carmack Amendment. However, the Supreme Court has rejected the idea that a right to sue under a statute means that Congress intended a right to sue under a regulation, too. *Sandoval*, 532 U.S. at 284 (explaining that the Court does not assume that "a cause of action to enforce a statute includes one to enforce its regulations"). Instead, a plaintiff must come forward with a textual basis in the statute to conclude that Congress intended the regulation itself to be enforceable.

On that score, Nexus comes up short. At best, Nexus points out that Congress created a private right of action to enforce the statute. That is true, but a right of action to enforce a statute is not the same thing as a right of action to enforce a regulation. If anything, Nexus's argument cuts the other way. Congress explicitly created a private cause of action to enforce the statute, and it elected not to expressly include a private cause of action to enforce associated regulations. Congress drew a line, and it is not the role of this Court to sketch a new one. *See Hernandez*, 140 S. Ct. at 742 (cautioning against "upset[ting] the careful balance of interests struck by the lawmakers").

Second, Nexus makes a pure policy argument. It argues that the Court should read a cause of action into 49 C.F.R. § 370.11 because the regulation serves an important purpose (holding carriers accountable for disposing of cargo fairly). In its view, if there were no private cause of action, it would "erode the purpose and intent of the regulation." *See* Pl.'s Resp. to Def.'s Mtn. to Dismiss, at 5 (Dckt. No. 17).

But the Supreme Court has made clear – time and time again – that courts cannot create private rights of action based on their policy preferences. That's the job of Congress. *See Sandoval*, 532 U.S. at 286–87 (explaining that if Congress has not authorized a private cause of action, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute"); *see also Touche*, 442 U.S. at 578 ("The ultimate question is one of congressional intent, not one of whether this Court thinks that it can improve upon the statutory scheme that Congress enacted into law."). Congress has "[a]ll" legislative power under the Constitution, and the judiciary has none. *See* U.S. Const. art. I, § 1.

Nexus has provided no support for the proposition that Congress intended to create a private right of action to enforce 49 C.F.R. § 370.11. Nor could the Court locate any. *See United States v. McLee*, 436 F.3d 751, 760 (7th Cir. 2006) ("[I]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.") (citation omitted); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (refusing to "fill the void by crafting arguments and performing the necessary legal research"); *Lee v. Chicago Youth Ctrs.*, 69 F. Supp. 3d 885, 889 (N.D. Ill. 2014) ("It must be remembered that ours is an adversary system, and it is not the job of judges to do the work of lawyers."). Therefore, the Court holds that 49 C.F.R. § 370.11 does not support a private cause of action. Count II is dismissed.

### Conclusion

For the foregoing reasons, the motion to dismiss Count II is granted.

Date:   May 27, 2021

Steven C. Seeger
United States District Judge